IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. M-23-457-SM |
| ) | |
| LUIS JAVIER LARIOS-SOTO, ) | |
| ) | |
| Defendant. ) | |

### ORDER

In accordance with the Due Process Protections Act,[1] the Court reminds counsel of the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. In particular, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."[2] "[E]vidence is 'material' within the meaning of *Brady* when there is a reasonable probability

---

[1] The Due Process Protections Act, PL 116-182, [S 1380], effective October 21, 2020, requires that the parties be informed regarding an amendment to Federal Rule of Criminal Procedure 5. By this legislation, subsection (f) of the Rule has been redesignated as subsection (g), with new subsection (f) hereinafter designated as "REMINDER OF PROSECUTORIAL OBLIGATION." The amendment serves to remind prosecutors of their obligations to disclose exculpatory evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).

[2] *Brady*, 373 U.S. at 87.

that, had the evidence been disclosed, the result of the proceeding would have been different."[3] A "reasonable probability" does not mean that the defendant "would more likely than not have received a different verdict with the evidence," only that the likelihood of a different result is great enough to "undermine[ ] confidence in the outcome of the trial."[4]

Possible consequences for a violation of this Order may include, but are not limited to, exclusion of evidence at trial, a finding of contempt, granting of a continuance, and dismissal of the charges with prejudice.

Having given counsel the oral admonition required by the Due Process Protections Act, this Order serves as the reminder of prosecutorial obligation and duties in accordance with Rule 5(f).

ENTERED on June 13, 2023.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[3] *Cone v. Bell,* 556 U.S. 449, 469–470 (2009).

[4] *Smith v. Cain*, 565 U.S. 73, 75 (2012).